UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br>Petitioner,<br>v.<br>PATRICK COVELLO,<br>Respondent. | Case No. 22-cv-00541-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 5 |

## INTRODUCTION

Petitioner Antoine Deshawn Barnes seeks federal habeas relief from his state conviction for indecent exposure. The petition for habeas relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Barnes has not exhausted his claims in state court, and he has an appeal pending in the state appellate court. Because this federal petition is unexhausted and premature, it is DISMISSED without prejudice to Barnes filing a motion to reopen and an amended petition after he has exhausted his claims in state court and after all his state actions related to his conviction have concluded.

The Clerk shall amend the docket to reflect that Patrick Covello, the warden of the prison in which Barnes is housed, is the sole respondent in this action.[1]

---

[1] Covello is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). The Clerk shall enter Covello as the sole respondent and terminate Sam Lovato.

**BACKGROUND**

According to the petition, in 2020 in the Monterey County Superior Court Barnes "pleaded no contest to indecent exposure with a prior[,] and admitted a prior strike in exchange for a four year sentence." (Pet., Monterey County Superior Court Order, Dkt. No. 4 at 10.) Barnes has filed other court actions related to this conviction: he has a 2020 action pending in the state appellate court, he filed a petition in the Monterey County Superior Court, and he filed an action in the Ninth Circuit Court of Appeals. (Pet., Dkt. No. 4 at 2-4, 19.) However, there is no indication that he has presented his claims to the state supreme court, which means he has not complied with the exhaustion requirement.

**DISCUSSION**

Barnes has not exhausted his claims in state court, a fact that bars his petition from proceeding at this time. Prisoners in state custody who wish to challenge either the fact or length of their confinement collaterally in federal habeas proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." 28 U.S.C. § 2254(b)(1)(A)-(B). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Lundy*, 455 U.S. at 510.

Barnes records in detail other related actions that he has filed, but there is nothing indicating that he has filed any action in the state supreme court. Because he has not presented his claims to the California Supreme Court, his habeas claims are unexhausted. The action will be dismissed.

**MOTIONS**

Barnes's motion to proceed *in forma pauperis* (IFP) is GRANTED. (Dkt. No. 5.) His request "for modification and change of venue" is DENIED. (Dkt. No. 1.)

**CONCLUSION**

This federal habeas action is DISMISSED without prejudice to Barnes filing a motion to reopen and an amended petition after he has exhausted his claims in state court and after his state appellate proceedings have concluded. Any motion to reopen must (i) have the words MOTION TO REOPEN written on the first page; and (ii) contain an amended petition in which Barnes makes it clear that he has exhausted his claims in state court and that he has no pending proceedings in any other court. The amended petition must include the caption and civil case number used in this order (22-00541 WHO (PR)) and the words FIRST AMENDED PETITION on the first page. The amended petition must also appear on this Court's form. Because an amended petition completely replaces the previous petitions, Barnes must include in his amended petition all the claims that he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Barnes may not incorporate material from any prior petition by reference.

Barnes's motion to proceed IFP is GRANTED. (Dkt. No. 5.) His request "for modification and change of venue" is DENIED. (Dkt. No. 1.)

The Clerk shall modify the docket to reflect that Patrick Covello is the sole respondent in this action.

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** May 18, 2022

_____
WILLIAM H. ORRICK
United States District Judge